**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4641**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

DAVID EARLE MOORE, JR.,

        Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., Senior District Judge. (6:08-cr-00812-HMH-1)

Submitted: March 29, 2010      Decided: April 14, 2010

Before GREGORY, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Everett P. Godfrey, Jr., GODFREY LAW FIRM LLC, Greenville, South Carolina, for Appellant. Leesa Washington, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Earle Moore, Jr., pled guilty to one count each of possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (2006), and being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e) (2006), and was sentenced to 188 months in prison. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that after a review of the record, he has found no meritorious issues for appeal. The Anders brief nonetheless suggests that the district court committed plain error when it sentenced Moore. Moore has not filed a pro se supplemental brief despite receiving notice that he may do so, and the Government declined to file a responsive brief. Finding no error, we affirm.

In the absence of a motion to withdraw a guilty plea, we review the adequacy of the guilty plea pursuant to Fed. R. Crim. P. 11 for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). A review of Moore's Rule 11 hearing reveals that the district court complied with Rule 11's requirements. Moore's plea was knowingly, voluntarily, and intelligently made, with full knowledge of the consequences attendant to his guilty plea. We therefore find that no plain error occurred and affirm Moore's convictions.

2

We also affirm Moore's sentence. Moore's presentence investigation report properly placed him in a category VI criminal history and attributed him with a total offense level of thirty-one, yielding a Guidelines range of 188 to 235 months. Moreover, at sentencing, the district court appropriately heard counsel's argument regarding the weight that should be afforded the 18 U.S.C. § 3553(a) (2006) factors, allowed Moore an opportunity to allocute, and considered the § 3553(a) factors before imposing Moore's sentence.

Although the district court procedurally erred when it imposed Moore's sentence with only a cursory reference to the § 3553(a) factors and the Guidelines, see United States v. Carter, 564 F.3d 325, 328-29 (4th Cir. 2009), because Moore argued only for a sentence at the bottom of his Guidelines range, Moore did not adequately preserve an objection to the district court's error. United States v. Lynn, 592 F.3d 572, 579-80 (4th Cir. 2010). Accordingly, we need only review the sentencing error for plain error. See id. at 580.

To establish plain error, Moore has to show that an error: (i) was made; (ii) is plain (i.e., clear or obvious); and (iii) affects his substantial rights. United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). Even if we assumed that the district court's brief explanation constituted an obvious error in violation of Carter, Fed. R. Crim. P. 52(b)

3

requires Moore to also show that the district court's lack of explanation had a prejudicial effect on the sentence imposed. See Puckett v. United States, 129 S. Ct. 1423, 1433 n.4 (2009). Having only summarily raised the reasonableness of his 188-month sentence in an Anders brief to this court, Moore has made no such showing. We thus affirm Moore's within-Guidelines sentence. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (recognizing that this court applies an appellate presumption of reasonableness to a within-Guidelines sentence).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Moore, in writing, of the right to petition the Supreme Court of the United States for further review. If Moore requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Moore. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4